Mark E. Klein (MK-5145)
Susan B. Ratner (SR-1446)
**INGRAM YUZEK GAINEN
 CARROLL & BERTOLOTTI, LLP**
250 Park Avenue
New York, New York 10177
Telephone: (212) 907-9600
Facsimile: (212) 907-9681
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| TERWIN WAREHOUSE MANAGEMENT LLC, as Program Administrator for and Assignee of TERWIN MORTGAGE WAREHOUSE TRUST II, SERIES XVI, and TERWIN ADVISORS LLC, | : : : : | 07 Civ. 5632 (LTS) **ANSWER** |
| Plaintiffs, | : | |
| -against- | : | |
| SPECTRUM FINANCIAL GROUP, INC., JERRY CRAIG, SR. and JERRY CRAIG, JR., | : : | |
| Defendants. | : | |

------------------------------------------------------------x

Defendants, Spectrum Financial Group, Inc., Jerry Craig, Sr., and Jerry Craig, Jr., by their attorneys, Ingram Yuzek Gainen Carroll & Bertolotti, LLP, for their answer to plaintiffs' complaint, dated June 13, 2007, state as follows:

**FIRST DEFENSE**

1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1, 2, 3, 5, and 40 of the complaint.

246676_1/00714-098

2. Deny the allegations of paragraphs 4, 6, 14, 19, 20, 24-28, 50, 53-55, 58, 59, 63 and 67 of the complaint, except admit that plaintiff Terwin Warehouse Management LLC ("TWM") and defendant Spectrum Financial Group, Inc. ("Spectrum") entered into a certain Seller's Purchase, Warranties and Servicing Agreement, dated as of June 17, 2005 (the "June 2005 Agreement") and that TWM purportedly brings its claims in this action as "Program Administrator" for plaintiff Terwin Mortgage Warehouse Trust II, Series XVI (the "Trust") and as alleged assignee of the Trust's claims against defendants, and respectfully refer the Court to that agreement for a full and complete statement of its terms and conditions.

3. Deny the allegations of paragraph 10 of the complaint, except admit that defendant Jerry Craig Sr. is Spectrum's sole director and Jerry Craig Jr. is Spectrum's President.

4. State that paragraphs 11, 12, 13, 41, 45, 47, 49, 77-79, 82-84 and 101 do not require a response because they allege legal conclusions but deny their allegations thereof to the extent a response is required, and deny that a substantial part of the events and omissions giving rise to the claims in this action occurred, and a substantial part of the property that is the subject of this action is situated, in this district.

5. Deny the allegations of paragraphs 15, 16, 62 and 66 of the complaint, except admit that on or about June 17, 2005 defendants Jerry Craig Sr. and Jerry Craig Jr. executed certain guaranties, and respectfully refer the Court to those guaranties for full and complete statements of their terms and conditions.

6. Deny the allegations of paragraphs 17, 18, 23, 30, 31, 51, 56, 60, 64, 68, 70-75, 80, 85, 87-91, 94-96, 98, 99, 102 and 106 of the complaint.

7. Deny the allegations of paragraph 32, 33, 35, 36, 38, 42, 43, 93, 100, 104 and 105 of the complaint, except admit that on or about January 10, 2005, plaintiff Terwin Advisors LLC

("TA") and Spectrum entered into a certain Seller's Purchase, Warranties and Interim Servicing Agreement (the "January 2005 Agreement"), and respectfully refer the Court to that agreement for a full and complete statement of its terms and conditions.

8. Deny the allegations of paragraph 34 of the complaint, except admit that TA purchased from Spectrum a number of Mortgage Loans, as the January 2005 Agreement defines those terms.

9. Deny the allegations of paragraph 39 of the complaint, except admit that TA sent certain notices to Spectrum and purported to exercise its option to repurchase certain Early Payment Default Loans.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the complaint, except admit that the so-called paid-in-full payments were sent to and received by Spectrum.

11. Deny the allegations of paragraph 46 of the complaint, except admit that TA sent certain notices to Spectrum.

12. Repeat, in response to the allegations of paragraphs 48, 52, 57, 61, 65, 69, 76, 81, 86, 92, 97 and 103 of the complaint, the allegations in this answer that respond to the allegations in those paragraphs.

## SECOND DEFENSE

13. The complaint fails to state claims on which relief may be granted.

## THIRD DEFENSE

14. Plaintiffs' claims are limited by the terms of the agreements on which they sue and plaintiffs' performance of all the obligations required on their part to be performed.

WHEREFORE, defendants demand judgment dismissing the complaint and awarding them their costs and disbursements in connection with this action, and such other relief the Court deems just and proper.

Dated: New York, New York
       August 6, 2007

INGRAM YUZEK GAINEN CARROLL
& BERTOLOTTI, LLP

By: _____
    Mark E. Klein (MK-5145)
    Susan B. Ratner (SR-1446)
250 Park Avenue
New York, New York 10177
(212) 907-9600

Attorneys for Defendants