MILLER & WRUBEL P.C.
ATTORNEYS
250 PARK AVENUE
NEW YORK, NEW YORK 10177-0699
(212) 336-3500

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 1 0 2007
```

WRITER'S DIRECT NUMBER
(212) 336-3504
E-mail
cjacob@mw-law.com

FACSIMILE
(212) 336-3555

September 6, 2007

**BY FACSIMILE**
**& FIRST CLASS MAIL**

Hon. Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

    Re:    <u>Terwin Warehouse Management LLC et. al. v. Spectrum Financial Group, Inc. et. al. 07-CIV-5632 (LTS)</u>

Dear Judge Swain:

        We represent plaintiffs Terwin Warehouse Management LLC ("TWM"), as Program Administrator for and Assignee of Terwin Mortgage Warehouse Trust II, Series XVI, and Terwin Advisors LLC ("TA"). We write in response to defendants' September 5, 2007 letter to the Court in which defendants request a three-week adjournment of the first pre-trial conference. Out of respect to the Rosh Hashanah holiday, plaintiffs have consented to adjourn the conference scheduled for September 14, 2007. However, for the reasons set forth below, plaintiffs respectfully request that the Court re-schedule the conference for a date as soon as is convenient for the Court, preferably the week of September 17, 2007.

        The law is clear that the automatic stay that applies to Spectrum does not apply to plaintiffs' claims against defendants Jerry Craig, Sr. and Jerry Craig, Jr. (collectively, the "Craigs"). See Teachers Ins. & Ann. Assoc. of America v. Butler, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."). Contrary to defendants' contentions, plaintiffs' claims against the Craigs are not limited to the Craigs' guarantees of obligations of defendant Spectrum Financial Group, Inc. ("Spectrum"). Plaintiffs allege, among other things, that the Craigs wrongfully converted for their personal use payments-in-full ("PIF Payments") of $1.2 million on two mortgage loans, owned by plaintiffs, that a mortgagor mistakenly sent to defendants. As the responsible officers of Spectrum, the Craigs are liable for the unlawful

Copies faxed _____
Chambers of Judge Swain a/n/o?

MILLER & WRUBEL P.C.

Hon. Laura T. Swain
September 6, 2007
Page 2

conversion of the PIF Payments. Spectrum's recent bankruptcy filing gives rise to a reasonable concern on the plaintiffs' part that, absent prompt discovery to trace the PIF Payments, these funds may never be recovered.

Further, this case has already been pending for months, and further inactivity by the defendants should not be countenanced. This action was commenced on June 13, 2007. On June 21, 2007, the Court issued the Initial Conference Order (the "Order"). Pursuant to the Order, plaintiffs served copies of the Order on defendants and defendants' Arizona counsel, and on defendants' New York counsel, when they appeared, on August 3, 2007. Since that time, we have made numerous efforts to cause defendants' counsel to confer with us as required by the Order and to prepare the preliminary pre-trial statement. These efforts have been unsuccessful. At this late juncture and on the eve of the scheduled conference, defendants now request a three-week adjournment.

To avoid further undue delay of this action against the Craigs, plaintiffs respectfully request that the Court re-schedule the conference as soon as is convenient for the Court, but preferably the week of September 17, 2007.

Respectfully submitted,

*[signature]*
Charles R. Jacob III

Cc: Susan B. Ratner, Esq. (by facsimile and hand delivery)

The IPTC is adjourned to September 25, 2007, at 4:30 p.m. Submissions deadlines are adjusted accordingly.

*[signature]* Thomas P. Griesa
USDJ
Part I