UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TERWIN WAREHOUSE MANAGEMENT
LLC, as Program Administrator for and
Assignee of TERWIN MORTGAGE
WAREHOUSE TRUST II, SERIES XVI, and
TERWIN ADVISORS LLC,

                Plaintiffs,

-against-

SPECTRUM FINANCIAL GROUP, INC.,
JERRY CRAIG, SR. and
JERRY CRAIG, JR.,

                Defendants.

07 Civ. 5632 (LTS)
ECF Case

---

**PLAINTIFFS' MEMORANDUM OF LAW
IN PARTIAL OPPOSITION TO MOTION
OF INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP
TO WITHDRAW AS COUNSEL TO DEFENDANTS**

MILLER & WRUBEL P. C.

250 PARK AVENUE

NEW YORK, NEW YORK 10177-0699

(212) 336-3500

Attorneys for
Plaintiffs

Plaintiffs Terwin Warehouse Management LLC ("TWM"), as Program Administrator for and Assignee of Terwin Mortgage Warehouse Trust II, Series XVI ("Trust"), and Terwin Advisors LLC ("TA") submit this Memorandum of Law in partial opposition to the motion of Ingram Yuzek Gainen Carroll & Bertolotti, LLP ("Ingram Yuzek") to withdraw, *without condition*, as counsel to defendants.

## PRELIMINARY STATEMENT

This action has been pending for four months, yet, no discovery schedule has been made and to date, defendants have not disclosed the bases of their contentions of non-liability. Instead, defendants have engaged in a pattern of delay, most recently by causing Ingram Yuzek to withdraw as counsel, to avoid prosecution of this action.

The Initial Conference Order, dated June 30, 2007, ordered the parties to confer by August 24, 2007, file a preliminary pre-trial statement by September 7, 2007, and appear for the Initial Pre-Trial Conference on September 14, 2007. Declaration of Charles R. Jacob, dated October 9, 2007 ("Jacob Decl." or "Jacob Declaration"), Ex. 5 thereto).

Instead of complying with the Initial Conference Order, defendants have caused Ingram Yuzek to *twice delay* the Initial Pre-Trial Conference to October 26, 2007. By order dated September 20, 2007 (the "September 20 Order"), the Court directed that defendants Jerry Craig, Sr. and Jerry Craig, Jr. (collectively, the "Craigs") "*appear by counsel ... [or] pro se .. and shall participate in the required consultations with plaintiffs' counsel and preparation of the preliminary pretrial statement beforehand.*" Jacob Decl., Ex. 1 thereto (emphasis added). Nearly twenty (20) days have elapsed since the September 20 Order and the Craigs have not appeared pro se or by counsel to comply with the September 20 Order.

Instead, to evade the September 20 Order, the Craigs have caused Ingram Yuzek to withdraw, ***without condition***, as counsel to defendants. On September 25, 2007, Ingram Yuzek made the instant motion to withdraw as counsel on the bases that defendants "lack the resources to pay [Ingram Yuzek] to defend against the claims in this action" and defendants "have requested that [Ingram Yuzek] move to withdraw as [defendants'] counsel." Affidavit of Mark E. Klein, sworn to on September 21, 2007, ¶ 1.

If Ingram Yuzek is permitted to withdraw without the condition that, before such withdrawal, new counsel appear or the Craigs appear pro se, there will be no one to "participate in the required consultations with plaintiffs' counsel" as expressly required by the September 20 Order.

Thus, to avoid further delay in the prosecution of this action and substantial prejudice to plaintiffs, plaintiffs respectfully request that the Court order that (a) the September 20 Order remain in effect; and (b) Ingram Yuzek may not withdraw as counsel for the Craigs until the Craigs appear pro se or retain substitute counsel.

## BACKGROUND

The nature of this action and the procedural history are set forth in the accompanying Jacob Declaration.

## ARGUMENT

The Craigs' continued efforts to delay prosecution of this action and to evade the September 20 Order cannot be countenanced.

A defendant may not cause counsel to withdraw for the purpose of delaying litigation. Rophaiel v. Alken Murray Corp., 1996 WL 306457, No. 94 Civ. 9064, at *2 (S.D.N.Y. June 7, 1996) (denying motion of counsel to withdraw based on defendants' purported inability to pay legal fees due to the delay that would occur if

counsel were permitted to withdraw). In Rophaiel, the court proclaimed: ***"It would be too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees."*** Id. (emphasis added).

To prevent defendants, such as the Craigs, from causing counsel to withdraw for the purpose of delaying litigation, courts routinely impose conditions on the withdrawal before counsel is permitted to withdraw. Bershansky v. First Nat'l Enter. Corp., 140 F.R.D. 272, 274 (S.D.N.Y. 1990) (noting the plaintiffs' "understandable interest in moving this case forward" and "[g]iven the delay already caused by defendants in this action," "finding it necessary to impose restrictions on defendants' counsel before his withdrawal"); Benvenisti v. City of New York, 2006 WL 44039, No. 04CIV3166JGK/RLE, at *1 (S.D.N.Y. Jan. 6, 2006) (requiring withdrawing counsel to submit responsive pleading prior to withdrawal because resolution of pending summary judgment motion would be delayed by defendant's efforts to find new counsel or appear pro se); Fischer v. Biman Bangladesh Airlines & Greenlight Travel, Inc., 1997 WL 411446, No. 96 Civ. 3120, at *2 (S.D.N.Y. Jul. 18, 1997) (conditioning withdrawal of counsel on defendant appearing by counsel on specified date" and ordering that "if [defendant] does not do so, plaintiff may move for default.").

The Craigs cannot be permitted to continue to stall proceedings in this action. Recent failures in the mortgage industry and Spectrum's recent bankruptcy filing give rise to a reasonable concern on plaintiffs' part that, absent prompt discovery, particularly as to the PIF Payments (as defined in the Complaint and in the Jacob Declaration), and timely prosecution of this action, these funds may never be recovered. The Craigs must be directed to comply with the September 20 Order.

## CONCLUSION

To prevent the Craigs from causing Ingram Yuzek to withdraw for the purpose of further delaying this action, plaintiffs respectfully request that the Court order that (a) the September 20 Order remain in effect and (b) Ingram Yuzek may not withdraw as counsel for the Craigs until the Craigs appear pro se or retain substitute counsel.

Dated: October 9, 2007

                                                MILLER & WRUBEL P.C.

By: /s/ Charles R. Jacob III
Charles R. Jacob III
Haynee C. Kang
250 Park Avenue
New York, New York 10177
(212) 336-3500
Attorneys for Plaintiffs

4