Charles R. Jacob III
Haynee C. Kang
MILLER & WRUBEL P.C.
250 Park Avenue
New York, New York 10177
(212) 336-3500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERWIN WAREHOUSE MANAGEMENT LLC, as Program Administrator for and Assignee of TERWIN MORTGAGE WAREHOUSE TRUST II, SERIES XVI, and TERWIN ADVISORS LLC,<br><br>        Plaintiffs,<br><br> -against-<br><br>SPECTRUM FINANCIAL GROUP, INC., JERRY CRAIG, SR. and JERRY CRAIG, JR.,<br><br>        Defendants. | 07 Civ. 5632 (LTS)<br>ECF CASE<br><br>**DECLARATION OF CHARLES R. JACOB III FOR SUMMARY JUDGMENT, BY ORDER TO SHOW CAUSE, AGAINST JERRY CRAIG SR. AND JERRY CRAIG JR.** |

    CHARLES R. JACOB III hereby declares under penalty of perjury as follows:

    1.  I am a member of the Bar of this Court and of Miller & Wrubel P.C., attorneys for plaintiffs Terwin Warehouse Management LLC ("TWM"), as Program Administrator for and Assignee of Terwin Mortgage Warehouse Trust II, Series XVI ("Trust"), and Terwin Advisors LLC ("TA") (collectively "Plaintiffs").

    2.  I submit this declaration in support of plaintiffs' motion, by order to show cause, seeking an order pursuant to Fed. R. Civ. P. 56 granting summary judgment on the Fourth, Fifth and Sixth Causes of Action against defendants Jerry Craig,

1

Sr. ("Craig Sr.") and Jerry Craig, Jr. ("Craig Jr.") (collectively the "Craigs") in this action.

3. Plaintiffs have moved by Order to Show Cause, instead of notice of motion, to fix the manner of service and the time of briefing for this motion.

**Nature of this Action**

4. This action arises out of (i) two agreements entered into by plaintiffs with defendant Spectrum Financial Group, Inc. ("Spectrum"), the Loan Purchase Agreement and the Warehouse Purchase Agreement,[1] (ii) two guarantees entered into by the Craigs (collectively, the "Guarantees") unconditionally and irrevocably guaranteeing to the Trust Spectrum's obligations under the Warehouse Purchase Agreement, and (iii) certain tortious conduct by the Craigs.

5. The Complaint contains twelve causes of action against Spectrum and/or the Craigs. The First, Seventh, Eighth, Tenth, Eleventh and Twelfth Causes of Action are subject to the automatic stay in the Spectrum Bankruptcy, as defined and discussed below in ¶14 infra. The Second and Third Causes of Action are moot, since the parties have resolved the issues related to those causes of action. The remaining active claims are Plaintiffs' Fourth (Guaranty by Jerry Craig, Sr.), Fifth (Guaranty by Jerry Craig, Jr.), Sixth (Conversion) and Ninth (Accounting) Causes of Action.

6. In the Answer (Exhibit B hereto), the Craigs admit that they executed Guarantees (Id. at ¶ 5), which unconditionally and irrevocably guaranteed to the

---

[1] Hereafter, all capitalized terms not otherwise defined are used with the meanings set forth in the Complaint (Exhibit A hereto) and in the Warehouse Purchase Agreement or the Loan Purchase Agreement.

Trust in an unlimited amount the due and punctual payment and/or performance of all of Spectrum's obligations under the Warehouse Purchase Agreement.

7. As alleged in the Complaint, Spectrum failed to remit $262,699 in margin deficit to the Trust as required by the Warehouse Purchase Agreement. As the unconditional and irrevocable guarantors of Spectrum's obligations under the Warehouse Purchase Agreement, the Craigs are liable to plaintiff TWG in the amount of $262,699. (Fourth and Fifth Causes of Action.)

8. In addition, the borrower of two Mortgage Loans purchased by TA from Spectrum (the "PIF Mortgage Loans") paid those loans in full. However, the borrower mistakenly sent the payoff payments on the PIF Mortgage Loans, in an aggregate amount of not less than $1,222,129 (the "PIF Payments"), to Spectrum, which was no longer the owner of the PIF Mortgage Loans.

9. In the Answer, the Craigs admit that the PIF Payments were sent to and received by Spectrum. The Craigs also admit that on several occasions, TA demanded that Spectrum forward the PIF Payments to TA as required by the Loan Purchase Agreement. (Ex. B, at ¶¶ 9-10.)

10. The Complaint alleges that Jerry Craig, Sr., as Spectrum's sole director, and Jerry Craig, Jr. as Spectrum's president, participated in the conversion complained of, had full knowledge of such conversion, and failed to take any steps to prevent or correct the unlawful conversion of the $1.2 million of PIF Payments, and are therefore liable to plaintiff TA for $1.2 million. (Sixth Cause of Action.)

**Procedural History**

11. Plaintiffs filed the Complaint on June 13, 2007, and completed service of process of the Summons and Complaint on Spectrum on June 18, 2007, and on the Craigs on July 2, 2007. Defendants' response to the Complaint was due no later than July 23, 2007.

12. Immediately after filing the Complaint, and pursuant to the Court's Individual Practices, on June 13, 2007, I sent defendants a letter enclosing the Summonses and Complaint and requesting to confer about plaintiffs' allegation that the Craigs wrongfully converted for their personal use the $1.2 million in PIF Payments which belong to plaintiffs and which the mortgagor mistakenly sent to defendants. Defendants did not respond.

13. On June 20, 2007, this Court issued an Initial Conference Order (Exhibit C hereto), ordering the parties to confer with respect to the preparation of a joint preliminary pre-trial statement by August 24, 2007, 2007; to file a joint preliminary pre-trial statement by September 7, 2007; and to appear for a pre-trial conference on September 14, 2007.

14. After various delays, on August 6, 2007, defendants filed a bare-bones Answer (Ex. B), which contains blanket denials and asserts boilerplate defenses without any facts alleged to support them.

15. On August 28, 2007, Spectrum filed for Chapter 11 bankruptcy in the United States Bankruptcy Court, District of Arizona, Case No. 2:07-bk-04265 ("Spectrum Bankruptcy"). The automatic stay did not affect plaintiffs' claims against the Craigs. However, the Craigs and/or their counsel, Susan Ratner of Ingram Yuzek Gainen

4

Carroll & Bertolotti, LLP ("Ingram Yuzek"), refused to participate in the drafting of the preliminary pre-trial statement.

    16. On September 5, 2007, and on the eve of the Initial Conference scheduled for September 7, 2007, Ingram Yuzek requested a three-week adjournment of the Initial Conference because of the Rosh Hashanah holiday.  Plaintiffs requested that the Court reschedule the conference for a date as soon as convenient for the Court, preferably the week of September 17, 2007.  Judge Griesa adjourned the Initial Conference to September 25, 2007.

    17. On September 20, 2007, the Court issued an order (Exhibit D hereto), which adjourned the Initial Conference to October 26, 2007, and directed that the Craigs "shall appear by counsel … [or] pro se … and shall participate in the required consultations with plaintiffs' counsel and preparation of the preliminary pretrial statement beforehand."

    18. On September 25, 2007, Ingram Yuzek filed a motion to withdraw as counsel.

    19. On October 15, 2007, the Court granted Ingram Yuzek's motion to withdraw (the "October 15 Order") (Exhibit E hereto), and again ordered that the Craigs "shall promptly appear in this action pro se or by new counsel, and that they shall participate in consultations and in the preparation of the joint Preliminary Pretrial Statement in advance of the October 26, 2007, conference as required by this Court's June 21, 2007 Initial Conference Order."  The Craigs did not comply with the October 15 Order.

20. On October 31, 2007, plaintiff filed a motion, by order to show cause, seeking an order, pursuant to Fed.R.Civ.P. 37(b)(2)(B) and Paragraph 7 of the Initial Conference Order, precluding evidence and defenses of the Craigs.

21. On November 1, 2007, the Court signed the Order to Show Cause requiring the Craigs to show cause on November 19, 2007 why an order should not be issued precluding them from offering evidence and defenses.

22. The Craigs failed to appear or otherwise respond to the Order to Show Cause.

23. By Order, dated November 20, 2007 (Exhibit F hereto), the Court granted plaintiffs' motion to preclude and ordered that the Craigs "are precluded from offering evidence and asserting defenses with respect to the Fourth (against Jerry Craig. Sr. on the guaranty), Fifth (against Jerry Craig, Jr. on the guaranty) and Sixth (against Jerry Craig, Sr. and Jerry Craig, Jr. for conversion) Causes of Action of Plaintiff's Complaint, dated June 13, 2007."

### No Previous Request for Relief Sought

24. No previous application for the relief sought herein has been made.

25. A proposed order, pursuant to Fed. R. Civ. P. 56, granting summary judgment on the Fourth, Fifth and Sixth Causes of Action against the Craigs, is attached hereto as Exhibit G.

26. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 10th day of December, 2007

_____
Charles R. Jacob III