# EXHIBIT C

# GUARANTY

AGREEMENT OF GUARANTY (this "Guaranty") made this 17th day of June, 2005, by the undersigned hereof ("Guarantor") to **Terwin Mortgage Warehouse Trust II, Series XVI, a series of Terwin Mortgage Warehouse Trust II, a Delaware statutory trust** having an office at care of Terwin Warehouse Management, LLC 45 Rockefeller Plaza, Suite 420, New York 10111 (together with its successors and assigns, the "Purchaser").

## WITNESSETH:

WHEREAS, the Purchaser and Spectrum Financial Group, Inc. ("Seller") have entered into a Seller's Purchase, Warranties and Servicing Agreement dated of even date herewith (the "Loan Purchase Agreement"), as the same may be amended, modified or supplemented from time to time; and

WHEREAS, Guarantor is a principal in Seller and has derived, or expects to derive, a financial or other benefit from the transactions described in the Loan Purchase Agreement; and

WHEREAS, as an inducement to the Purchaser to execute the Loan Purchase Agreement and acquire loans from Seller, Guarantor has agreed to execute this Guaranty;

NOW, THEREFORE, in consideration of the premises and as part of the consideration for the execution of the Loan Purchase Agreement, Guarantor hereby unconditionally covenants and agrees with the Purchaser as follows:

Section 1   Guaranty.

1.1   Guarantor unconditionally and irrevocably guarantees to the Purchaser in an unlimited amount the due and punctual payment and/or performance of all of Seller's obligations under the Loan Purchase Agreement (the "Obligations"). In case of the failure of Seller punctually to make any payment, or to perform any act, in respect of the Obligations, Guarantor hereby agrees to cause such payment to be made, or such act to be performed, punctually when and as the same shall become due, or necessary to meet the Obligations as if such payment or performance were made by Seller.

1.2   GUARANTOR AGREES THAT THIS GUARANTY CONSTITUTES A GUARANTY OF PAYMENT WHEN DUE AND NOT OF COLLECTION AND WAIVES ANY RIGHT TO REQUIRE THAT ANY RESORT BE HAD BY THE PURCHASER TO SELLER OR TO ANY SECURITY HELD FOR PAYMENT OF THE OBLIGATIONS.

Section 2   No Discharge.

2.1   The obligations of Guarantor under this Guaranty shall not be discharged or impaired or otherwise affected by, and Guarantor hereby expressly waives and surrenders any defense to Guarantor's liability hereunder based upon, any of the following:

(a) the failure of the Purchaser to assert any claim or demand or to enforce any right or remedy against Seller under the provisions of the Loan Purchase Agreement, or any other agreement, or otherwise;

(b) any extension or renewal of any of the Obligations, in whole or in part, without notice to, or further assent from, Guarantor;

(c) the rescission, waiver, amendment or modification of any of the terms or provisions of the Loan Purchase Agreement;

(d) the release of any security at any time held by the Purchaser to secure performance of the Obligations;

(e) any sale, assignment or transfer by Seller or the Purchaser of their respective rights and obligations under the Loan Purchase Agreement, in whole or in part;

(f) any change in the ownership of Seller;

(g) the voluntary or involuntary liquidation, dissolution, receivership, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization, arrangement, composition or readjustment of Seller or Guarantor, or any other similar proceeding affecting the status, existence, assets or obligations of Seller or any other Guarantor, or the limitation of damages for the breach of, or the disaffirmation of, the Loan Purchase Agreement in any such proceeding;

(h) the release of Seller from performance or observance of any of the agreements, terms or conditions contained in the Loan Purchase Agreement by operation of law, whether made with or without notice to Guarantor;

(i) any previous recovery from Seller or Guarantor to the extent any amounts recovered were repaid to Seller or Guarantor;

(j) the accuracy or inaccuracy of any representations or warranties made by Seller in the Loan Purchase Agreement or by Guarantor in this Guaranty;

(k) forbearance or delay or other act or omission of the Purchaser or its failure to proceed promptly or otherwise, or by reason of any action taken or omitted or circumstance which may or might vary the risk or affect the rights or remedies of Guarantor, or by reason of any further dealings between Seller and the Purchaser, whether relating to the Loan Purchase Agreement or otherwise; or

(l) any other circumstance that might otherwise constitute a legal or equitable discharge of Seller (including a discharge in bankruptcy) or of Guarantor, it being the purpose, intent and understanding of Guarantor that Guarantor's obligations hereunder are absolute and unconditional under any and all circumstances.

Section 3    Additional Waivers.

3.1 To the fullest extent permitted by applicable law, Guarantor waives the following:

(a) notice of acceptance;

(b) notices of default;

(c) any and all rights or claims of right to cause a marshaling of Seller's assets or to require that the Purchaser shall institute any action or proceedings at law or in equity against Seller, or anyone else, or exhaust Guarantor's remedies against Seller, or anyone else, in respect of the Loan Purchase Agreement as a condition precedent to bringing an action against Guarantor upon this Guaranty; and

(d) all other notices of every kind and description now or hereafter provided by any statute or rule of law applicable to this Guaranty.

Section 4    Representations.

Guarantor represents and warrants to the Purchaser that:

4.1 no approval is required from any Regulatory Authority, nor from any trustee or holder of the obligations of Guarantor, with respect to the execution of this Guaranty by Guarantor and the payment and performance by Guarantor of all of Guarantor's obligations hereunder;

4.2 this Guaranty constitutes a legal, valid and binding obligation of Guarantor, enforceable in accordance with its terms, and the execution and performance of this Guaranty will not violate any requirement of law applicable to Guarantor, or constitute a default under any material agreement, or result in the creation or imposition of any lien, charge or encumbrance of any nature whatsoever upon any of Guarantor's property or assets other than those which may arise in favor of the Purchaser;

4.3 there is no litigation pending, or to the knowledge of Guarantor, threatened, which, if determined adversely, would have a material adverse effect on the financial condition or results of operations of the Seller or Guarantor;

4.4 no information, exhibit or report furnished by Guarantor to the Purchaser in connection with the negotiation of this Guaranty contained as of the date thereof, or, if there be no such date, the date of furnishing thereof, any material misstatement of fact or omission of either a material fact or any fact necessary to make the statements contained therein not misleading; and

4.5 Guarantor has filed all United States income tax returns which have been required to be filed, and has paid, or has made provisions for the payment of, all taxes which have or may become due pursuant to said returns or pursuant to any assessment received by Guarantor, except such taxes, if any, as are being contested in good faith and as to which adequate reserves have been provided.

Section 5    Covenants.

Guarantor hereby covenants that:

5.1    no assets of any kind will be assigned, conveyed, pledged or encumbered to any related or third party except upon the payment of full and fair consideration, it being understood that any such assignment, conveyance, pledge or encumbrance for less than full and fair consideration shall constitute a default hereunder, and under all the documents evidencing the Obligations; and

5.2    Guarantor will furnish the Purchaser and any assignee of the Purchaser with reasonable promptness, such data and information as to the business, operations, properties, assets or prospects or the condition, financial or otherwise, of Guarantor, or the ability of Guarantor to perform Guarantor's obligations under this Guaranty; and

5.3    Guarantor will deliver or cause to be delivered to the Purchaser as soon as practicable after the end of each tax year and in any event within ninety (90) days thereafter, such financial statements and tax returns as the Purchaser shall request.

Section 6    Subordination of Rights Against Seller.

6.1    In the event that for any reason whatsoever Seller is now, or shall hereafter become, indebted to Guarantor, including, without limitation, by reason of payment by Guarantor to the Purchaser of any sums hereunder, Guarantor agrees that the amount of such sums and of such indebtedness and all interest thereon shall at all times be subordinate as to lien, time of payment and in all other respects to the prior indefeasible payment of the Obligations, and that Guarantor shall not be entitled to enforce or receive payment thereof until all sums owing to the Purchaser have been paid. Nothing herein contained is intended or shall be construed to give Guarantor any right or subrogation in or under the Loan Purchase Agreement, notwithstanding any payments made by Guarantor under this Guaranty.

Section 7    Indemnification.

7.1    Guarantor hereby agrees to indemnify the Purchaser against all loss, cost and expense caused by the assertion by Seller of any defense to the Obligations under the Loan Purchase Agreement or the assertion by Guarantor of any defense to Guarantor's obligations under this Guaranty.

Section 8    Termination; Reinstatement.

8.1    Subject to the provisions of subsection 8.2 hereof, this Guaranty shall terminate upon the termination of the Loan Purchase Agreement and performance in full of all outstanding Obligations in accordance with the terms and provisions of the Loan Purchase Agreement and this Guaranty, respectively.

8.2    Should the Purchaser be obligated by any bankruptcy or other law to repay to Seller, Guarantor or to any trustee, receiver or other representative of Seller or Guarantor, any amounts previously paid in respect of and/or pursuant to the Loan Purchase

Agreement or this Guaranty, then this Guaranty shall be reinstated to include the amount of such repayment. The Purchaser shall not be required to litigate or otherwise dispute its obligation to make such repayments if the Purchaser, in good faith and on the advice of counsel, believes that such obligation exists.

Section 9  Notices.

9.1  To be effective, all notices, consents, approvals, responses or other communications required or desired to be given hereunder must be in writing (it being understood that telex and telecopy communications shall be deemed to be "writings" for the purposes hereof) and shall be deemed given when delivered if delivered in a sealed envelope by hand, or when received if given by telex or telecopy, or five (5) days after mailing if sent by United States mail, registered or certified return receipt requested, postage prepaid, to the following addresses:

If to Guarantor:     to the address set forth on
                     the signature page of this Agreement;

If to the Purchaser: to the address set forth on
                     page 1 of this Agreement;
                     Attention: John Liebgott
                     Telecopy No.: (212) 218-5885

or to such other address or telex or telecopier number as the party to be served may direct by written notice to the other party in the manner hereinabove provided.

Section 10  Miscellaneous.

10.1  If any of the provisions of this Guaranty, or the application thereof to any persons or circumstances, shall, to any extent, be held invalid or unenforceable, the remainder of this Guaranty, or the application of such provision or provisions to persons or circumstances other than those as to whom or which it is held invalid or unenforceable, shall not be affected thereby, and every provision of this Guaranty shall be valid and enforceable to the fullest extent permitted by law.

10.2  This Guaranty shall be binding upon the respective heirs, legal representatives, successors and assigns of Guarantor and shall inure to the benefit of the Purchaser and its successors and assigns.

10.3  All uses herein of the masculine gender or of singular or plural terms shall be deemed to include uses of the feminine or neuter gender or plural or singular terms, as the context may require.

10.4  This Guaranty, in all respects, including, without limitation, all matters of construction, interpretation, validity, enforcement and performance shall be governed by, and construed and interpreted in accordance with, the laws of the State of New York, without regard to its principles of conflicts of law (other than Section 5-1401 of the General Obligations Laws).

10.5  This Guaranty has been fully reviewed and negotiated by the parties hereto and their respective counsel. Accordingly, in interpreting this Guaranty, no weight shall be placed upon which party hereto or its counsel drafted the provision being interpreted.

10.6  GUARANTOR IRREVOCABLY CONSENTS THAT ANY LEGAL ACTION OR PROCEEDING AGAINST GUARANTOR UNDER, ARISING OUT OF OR IN ANY MANNER RELATING TO THIS GUARANTY MAY BE BROUGHT IN ANY COURT OF THE STATE OF NEW YORK OR IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. GUARANTOR, BY THE EXECUTION AND DELIVERY OF THIS GUARANTY, EXPRESSLY AND IRREVOCABLY ASSENTS AND SUBMITS TO THE PERSONAL JURISDICTION OF ANY SUCH COURTS IN ANY SUCH ACTION OR PROCEEDING. GUARANTOR HEREBY EXPRESSLY AND IRREVOCABLY WAIVES ANY CLAIM OR DEFENSE IN ANY SUCH ACTION OR PROCEEDING BASED ON ANY ALLEGED LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR FORUM NON CONVENIENS OR ANY SUCH ACTION OR PROCEEDING TO ASSERT ANY DEFENSE GIVEN OR ALLOWED UNDER THE LAWS OF ANY STATE OTHER THAN THE STATE OF NEW YORK UNLESS SUCH DEFENSE IS ALSO GIVEN OR ALLOWED BY THE LAWS OF THE STATE OF NEW YORK.

10.7  IF ANY ACTION, SUIT OR PROCEEDING WHICH EITHER DIRECTLY OR INDIRECTLY INVOLVES THIS GUARANTY IS COMMENCED, GUARANTOR WAIVES GUARANTOR'S RIGHT TO ANY JURY TRIAL IN CONNECTION THEREWITH.

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the date first above written.

Sworn to before me this
17th day of June, 2005.

_Claudette A. Connors_
Notary Public

NOTARY PUBLIC
STATE OF ARIZONA
Maricopa County
CLAUDETTE A. CONNORS
My Commission Expires 10/14/07

By: _[signature]_
Name: Jerry Craig, Jr.
Address: work 7047 E. Greenway Pkwy
Suite 400
Scottsdale, AZ 85254

Social Security No.
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

Home
16448 N. 51st St.
Scottsdale, AZ 85260